UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY MANSWELL,
    Plaintiff,

v.

UNITED AIRLINES, INC., et al.,
    Defendants.

Case No. 15-cv-00469-VC

**ORDER TO SHOW CAUSE**

    The plaintiff in this case was originally part of a lawsuit filed by 23 current or former employees of United Airlines alleging race discrimination. After several rounds of motions to dismiss for failure to state a claim, the previously-assigned judge concluded that the plaintiffs had ultimately stated a claim for disparate treatment discrimination (but not disparate impact discrimination). Then, the previously-assigned judge concluded that the 23 plaintiffs had been improperly joined, and ordered that the case be severed into 23 separate lawsuits. Each plaintiff then filed a separate complaint (labeled as the "Fifth Amended Complaint"), and the lawsuits were assigned to numerous different judges in this district pursuant to the Court's random assignment system. Then Chief Judge Hamilton, acting in her capacity as Chair of this Court's Executive Committee, issued an order reassigning all 23 cases to the undersigned judge, to conserve judicial resources and avoid duplication of effort.

    The Court has reviewed the Fifth Amended Complaint in this individual case, and is tentatively of the view that most of the allegations fail to state a claim for disparate treatment discrimination.

    The complaint alleges that the plaintiff applied for certain promotions, that United rejected him because of his race, and that United gave the promotion to a person who was less qualified

and/or less senior than the plaintiff. To that extent, the complaint appears to state a claim for disparate treatment discrimination.

But the complaint also contains lengthy allegations about "unposted managerial positions" and unposted "special assignment positions." With respect to unposted managerial positions, the complaint alleges that the plaintiff was "precluded from participating in the filling of the vacancies" of seemingly every unposted "managerial position" available at United Airlines throughout the country from 2008 to the present. The complaint alleges that this includes: "all permanent executive management positions, Chief Pilot, Assistant Chief Pilot, FODM, Director of Safety and Security, Director of Pilot Recruitment and Development, and Standards Captain." And then the complaint lists numerous examples of particular positions that were filled by people who were allegedly less-qualified and/or less senior than the plaintiff. With respect to unposted "special assignment positions," the complaint alleges that the plaintiff was "also precluded from participating in the filling" of these positions. As it does with unposted "managerial positions," the complaint lists numerous categories of "special assignment positions" that United allegedly "precluded" him from "participating" in "filling." And as it does with the unposted managerial positions, the complaint goes on to provide examples of individual special assignment positions that were filled by people allegedly less-qualified and/or less senior than the plaintiff.

Absent from the complaint, however, is an allegation that United deliberately decided not to "post" these managerial and special assignment positions out of a desire to prevent African Americans from applying for the positions. Presumably such an allegation would state a claim for disparate treatment race discrimination. But absent such an allegation, it doesn't matter whether a particular position was posted or not. Either the plaintiff sought out a position and was denied it because of his race (in which case there would be a claim for disparate treatment discrimination), or he did not seek out the position (in which case there would be no claim for disparate treatment discrimination).

The allegation that United "precluded" the plaintiff from "participating" in the "filling" of every unposted management position or unposted special assignment position available throughout the country does not appear to state a claim for disparate treatment discrimination,

2

1 because the allegation is too vague. How did United "preclude" the plaintiff from "participating"
2 in the "filling" of positions? Does the plaintiff mean to allege that he sought out every
3 promotional opportunity listed in the complaint, and that in every instance the applicable
4 decisionmaker at United denied him the promotion because of his race? If so, that seems
5 implausible on its face. Or does the plaintiff mean to allege that the failure to post the positions
6 "precluded" him from applying in the first place? If so, that doesn't sound like disparate treatment
7 discrimination (at least without an allegation that the practice of not posting the promotional
8 opportunities was itself intended to prevent African Americans from learning about them).
9 Perhaps the plaintiff means instead to allege there was a particular unposted promotion (or there
10 were particular unposted promotions) that he sought out, where the decisionmaker (or
11 decisionmakers) rejected him because of his race. That appears to be what counsel for 22 of the
12 23 plaintiffs suggested at the March 14, 2015 case management conference. And that would
13 appear to state a claim for disparate treatment race discrimination. But the complaint in this case
14 contains no such allegation that the plaintiff sought a particular unposted managerial or special
15 assignment promotion or promotions and was denied them for race-based reasons.

16 In sum, aside from the allegations about the posted positions for which the plaintiff
17 actually applied, the complaint is not clear about which conduct the plaintiff alleges was racially
18 discriminatory as to him individually. Therefore, the plaintiff is ordered to show cause why
19 lengthy allegations in the Fifth Amended Complaint about unposted managerial positions and
20 unposted special assignment positions should not be stricken. A hearing on the order to show
21 cause will take place on May 21, 2015 at 10:00 a.m. The defendants are ordered to file a brief on
22 the order to show cause, not to exceed 15 pages, by April 24, 2015. The defendants' brief should
23 be limited to whether the allegations about the unposted managerial positions and special
24 assignment positions state a claim, but it need not be limited to the specific issues discussed in this
25 order. The plaintiff is ordered to file a brief, responding to this order to show cause and to
26 anything else contained in the defendants' brief, by May 8, 2015. The plaintiff's brief also may not
27 exceed 15 pages.

28 Both parties are reminded that this is now an individual case. Any arguments should be

3

1 tailored to this specific case and this specific plaintiff. Any allegations about discrimination
2 against other people do not state a claim as to this plaintiff.
3 Finally, if the plaintiff decides, after reviewing this order to show cause and the defendants'
4 brief, that he prefers to amend his complaint to attempt to better allege facts that would support an
5 individual disparate treatment claim relating to the unposted managerial positions or the special
6 assignment positions, he has leave to do so. Any amended complaint must be filed no later than
7 May 8, 2015 – the date his response to the order to show cause is due. If the plaintiff files an
8 amended complaint, the May 21 hearing will be converted to a case management conference.

**IT IS SO ORDERED.**

Dated: April 10, 2015

VINCE CHHABRIA
United States District Judge

4