UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON MILLER,<br>Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC., et al.,<br>Defendants.<br><br>AND COORDINATED CASES:<br><br>Palmer, Xavier v. United Airlines, Inc. et al.<br>3:15-cv-00458 VC<br><br>Noble, Paul C. v. United Airlines, Inc. et al.<br>3:15-cv-00461 VC<br><br>Jones Jr., Johnnie E. v. United Airlines, Inc. et al. 3:15-cv-00462 VC<br><br>Roane, Glen v. United Airlines, Inc. et al.<br>3:15-cv-00464 VC<br><br>Ricketts, David v. United Airlines, Inc. et al.<br>3:15-cv-00465 VC<br><br>Tom, Lester v. United Airlines, Inc. et al.<br>3:15-cv-00466 VC<br><br>Crocker, Sal v. United Airlines, Inc. et al.<br>3:15-cv-00468 VC<br><br>Manswell, Anthony v. United Airlines, Inc. et al. 3:15-cv-00469 VC<br><br>Minter, Karl v. United Airlines, Inc. et al.<br>3:15-cv-00470 VC | Case No.  15-cv-00457-VC<br><br>**TENTATIVE RULING RE MOTIONS TO DISMISS OR TRANSFER AND MOTIONS TO TRANSFER** |

> Wilson, Darryl v. United Airlines, Inc. et al.
> 3:15-cv-00472 VC
>
> Sherman, Leo v. United Airlines, Inc. et al.
> 3:15-cv-00473 VC
>
> Haney, Ken v. United Airlines, Inc. et al.
> 3:15-cv-00474 VC
>
> John, Richard v. United Airlines, Inc. et al.
> 3:15-cv-00475 VC
>
> Briscoe, Odie v. United Airlines, Inc. et al.
> 3:15-cv-00476 VC

In anticipation of tomorrow's hearing, the Court is tentatively inclined to deny the motions to transfer the following cases, both because the litigation would not be particularly more convenient in the districts where the defendants propose to transfer the cases, *see Hicks v. PGA Tour, Inc.*, No. 15-cv-00489-VC, 2015 WL 5300399, at *1 (N.D. Cal. July 24, 2015), and because the degree to which these cases have already been delayed weigh against a transfer for convenience: *Miller v. United Airlines, Inc. et al.*; No. 15-cv-00457-VC, *Crocker v. United Airlines, Inc. et al.*, No. 15-cv-00468-VC; *Palmer v. United Airlines, Inc. et al.*, No. 15-cv-00458 VC; *Jones v. United Airlines, Inc. et al.*, No. 15-cv-00462-VC; *Wilson v. United Airlines, Inc. et al.*, No. 15-cv-00472-VC; and *Sherman v. United Airlines, Inc. et al.*, No. 15-cv-00473-VC.

The Court is tentatively inclined to grant the motions to transfer in the following cases, because they did not satisfy Title VII's venue statute, 42 U.S.C. § 2000e-5(f)(3), when they were brought: *Manswell v. United Airlines, Inc. et al.*, No. 15-cv-00469-VC; *Minter v. United Airlines, Inc. et al.*, No. 15-cv-00470-VC; *Roane v. United Airlines, Inc. et al.*, No. 15-cv-00464-VC; *Tom v. United Airlines, Inc. et al.*, No. 15-cv-00466-VC; *Briscoe v. United Airlines, Inc. et al.*, No. 15-cv-00476-VC; *Haney v. United Airlines, Inc. et al.*, No. 15-cv-00474-VC; *Noble v. United Airlines, Inc. et al.*, No. 15-cv-00461-VC; and *Ricketts v. United Airlines, Inc. et al.*, No. 15-cv-00465-VC.

3

With *Noble* and *Ricketts*, questions remain about the district to which the cases should be transferred.

Finally, the Court is undecided about whether to grant the motion to transfer *John v. United Airlines, Inc. et al.*, No. 15-cv-00475-VC.  The Court is not inclined to transfer the case on convenience grounds for the reasons stated above.  It appears that John's lawsuit did not satisfy Title VII's venue provision when it was brought, but the defendants have not moved to transfer this case on the ground that venue is improper (as opposed to merely inconvenient).

Dated: July 6, 2016

_____
VINCE CHHABRIA
United States District Judge